IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JUDITH FIELDER,** *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>**SUPERIOR MASON PRODUCTS LLC,** *et al.*,<br><br>    *Defendants*. | **CIVIL ACTION NO.**<br>**5:21-cv-00432-TES** |

**ORDER DENYING DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Partial Summary Judgment [Doc. 53]. The Court previously denied Defendants' Motion as it related to punitive damages and attorneys' fees. *See* [Doc. 57]. In that Order [Doc. 57], the Court ruled on part of the Motion without response from Plaintiffs.[1] However, the Court instructed Plaintiffs to respond within 14 days to the direct-action issue regarding U.S. Fire Insurance Company. [*Id.* at p. 21]. Plaintiffs responded, and the issue is ripe for the Court's review.

Because the Court fully laid out the factual and procedural background as well as the applicable legal standard in its previous Order, it incorporates those sections by

---

[1] *See* [Doc. 57, p. 1 ("The Court need not wait for Plaintiffs' response to the majority of Defendants' Motion for Partial Summary Judgment, as the legal issues are clear and the positions of the parties are clearly determinable.") (citing LR MD Ga. 7.7.)].

reference. [*Id.* at pp. 2–4.]

## DISCUSSION

Defendants ask the Court to grant summary judgment as to Plaintiffs' direct-action claims against U.S. Fire Insurance Company. Georgia law allows two routes for direct-action claims against insurance companies. *See* O.C.G.A. §§ 40-1-112,[2] 40-2-140.[3] Defendants primarily argue that because Plaintiffs' Complaint only lists O.C.G.A. § 40-1-112 as the basis for a direct-action claim against U.S. Fire Insurance Company, Plaintiffs should be limited to that legal theory. [Doc. 53-2, pp. 8–9]. Additionally, Defendants argue that under § 40-1-112, Plaintiffs failed to produce sufficient evidence related to any direct-action theory. The Court disagrees on both fronts.

First, Plaintiffs admit that their Complaint "inadvertently only mentions [§ 40-1-112]." [Doc. 63, p. 4]. However, that mistake doesn't end Plaintiffs' direct-action claim. A "failure to plead the correct legal theory is not necessarily fatal to a plaintiff's claim when the defendant has sufficient and fair notice of the correct theory." *King v. Butts Cnty.*, 576 F. App'x 923, 931 (11th Cir. 2014). To be sure, in cases similar to the instant

---

[2] O.C.G.A. § 40-1-112 provides, in relevant part:
  (c) It shall be permissible under this part for any person having a cause of action arising under this part to join in the same action the motor carrier and the insurance carrier, whether arising in tort or contract.

[3] O.C.G.A. § 40-2-140 provides, in relevant part:
  (4) Any person having a cause of action, whether arising in tort or contract, under this Code section may join in the same cause of action the motor carrier and its insurance carrier.

action, other courts determined that the similarities between § 40-1-112 and its direct-action counterpart—§ 40-2-140—provide a defendant with sufficient notice of a plaintiff's legal theory. *See Wiedeman v. Canal Ins. Co.*, No. 1:15-CV-4182-WSD, 2017 WL 2311435, at *2 (N.D. Ga. May 25, 2017); *Coleman v. Arvey*, No. 1:14-CV-994-MHS, 2015 WL 12851557, at *1 (N.D. Ga. May 7, 2015). Clearly, Defendants were aware of the possible application of § 40-2-140—enough so that they mentioned it in their Motion. *See* [Doc. 53-2, p. 10]. Therefore, any argument that Defendants were prejudiced by Plaintiffs' mistaken citation is without merit.

Aside from that argument, Defendants next contend that Plaintiffs cannot prove that Latium was a motor carrier for purposes of Georgia's direct-action statutes. However, that argument fails. Georgia law defines a motor carrier as:

> Every person owning, controlling, operating, or managing any motor vehicle, including the lessees, receivers, or trustees of such persons or receivers appointed by any court, used in the business of transporting for hire persons, household goods, or property or engaged in the activity of nonconsensual towing pursuant to Code Section 44-1-13 for hire over any public highway in this state.

O.C.G.A. § 40-1-100(12). Plaintiffs certainly produced enough evidence to proceed to trial and ask a jury to decide the facts based on this definition. To be sure, Latium transports goods for its customers. But also, third parties engage Latium to deliver their goods, too. [Doc. 59, Turner Depo., p. 98:10–23]. For this specific trip, Plaintiffs cannot show exactly what products were being delivered because Defendants spoliated that evidence. *See* [Doc. 57]. Either way, Latium's vehicles are registered as commercial

vehicles and are governed by the Federal Motor Vehicle Safety Regulations. [Doc. 63-5, Fabian 30(b)(6) Depo., pp. 21:12—22:16]. And those vehicles transport goods or property. That is enough to defeat Defendants' argument.

Second, Defendants argue that Plaintiffs failed to produce evidence that Latium is involved in both interstate and intrastate commerce. However, again, Defendants face an adverse jury instruction at trial for the destruction of trip-related documents that could prove (or, admittedly, disprove) Latium's interstate and intrastate activities for the trip in question. *See Grange Indem. Ins. Co. v. Burns*, 788 S.E.2d 138, 144 (2016) (describing the "trip-specific approach" that applies to Georgia's direct-action statutes). Therefore, Defendants cannot now argue that because of their own spoliation, they are entitled to summary judgment. *See Charoff v. MarMaxx Operating Corp.*, No. CV 18-4712, 2020 WL 1694484, at *6 (E.D. Pa. Apr. 7, 2020) (concluding that spoliated evidence resulted in an adverse inference and ultimately precluded summary judgment); *Johnson v. Kroger Co.*, No. 2:18-CV-1240, 2020 WL 4038998, at *18 (S.D. Ohio July 17, 2020). Regardless, Georgia's direct-action statutes apply to "both intrastate and interstate motor carriers." *Scarff Bros., Inc. v. Bullseye Dispatch, Inc.*, No. 2:14-CV-00128-WCO, 2016 WL 3128554, at *3 (N.D. Ga. Jan. 19, 2016) (collecting cases). Accordingly, Defendants' arguments related to interstate versus intrastate commerce are of no consequence.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Defendants' Motion for Partial

4

Summary Judgment [Doc. 53] as it relates to Plaintiffs' direct-action claims against U.S. Fire Insurance Company. Nothing in this Order disturbs the Court's prior instructions regarding mediation or Brian Fabian's required bi-weekly reports. *See* [Doc. 57].

**SO ORDERED**, 10th day of January, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
