IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JUDITH FIELDER and WILLIAM FIELDER,<br><br>    Plaintiffs,<br><br>v.<br><br>LATIUM USA TRADING LLC, d/b/a Superior Mason Products, MICHAEL TURNER, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No. 5:21-CV-00432 |

## PRETRIAL ORDER – JURY

The following constitutes a Pretrial Order entered in the above-styled case after conference with counsel for the parties:

(1)    (a) The name, address, and telephone number of all attorneys who personally appeared at pretrial and who will conduct the trial are as follows

**Plaintiffs:**
Jed D. Manton
Jeffrey R. Harris
Madeline E. McNeeley
Harris Lowry Manton LLP
1418 Dresden Dr. NE, Unit 250
Brookhaven, GA 30319
(404) 961-7651
jeff@hlmlawfirm.com
jed@hlmlawfirm.com
molly@hlmlawfirm.com

Steven R. McNeel
Buzzell, Welsh & Hill, LLP
200 Third Street
P.O. Box 1017
Macon, Georgia 31202
(478) 742-8820
smcneel@bwhlegal.com

1

**Defendants:**

Alphonsie Nelson, Esq.
Craig R. White, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
365 Northridge Rd., Ste. 230
Atlanta, GA 30350
(770) 650-8737
alphonsie.nelson@qpwblaw.com
craig.white@qpwblaw.com

(b) The name, address, and telephone number of all nonparty persons including attorneys who have a fixed or contingent financial interest in this case are as follows:

Harris Lowry Manton LLP
Jed D. Manton, Esq.
Jeffrey R. Harris, Esq.
Stephen G. Lowry, Esq.

Buzzell, Welsh & Hill, LLP
Stephen M. Welsh, Esq.
Jed W. Hill, Esq.
Chad Etheridge, Esq.
Josh Carroll, Esq.
Steven R. McNeel, Esq.

The North River Insurance Company
305 Madison Avenue
Morristown, NJ 07960
(973) 490-6600

Markel American Insurance Company
4521 Highwoods Parkway
Glen Allen, VA 23060
(804) 747-0136

(2)     (a) Companion cases pending in this and other federal or state courts are: Hunter Willis was operating the vehicle in front of Ms. Fielder and has brought suit against the same defendants in a case that is also before this Court, *Hunter Willis and Jessica Willis v. Latium USA Trading, LLC d/b/a Superior Mason Products, Latium USA Trading d/b/a Latium Investments*

*Partnership, Michael Turner and United States Fire Insurance Company*, Civil Action File No. 5:22-cv-00358-TES.  The Fielder and Willis suits are separate claims with separate damages.

      (b) Possible derivative claims not now the subject of pending litigation: None known at this time.

    (3)    The estimated time required for trial is 4-5 days.

    (4)    The parties agree that the court has jurisdiction of the parties and the subject matter according to 28 U.S.C. § 1332.

    (5)    The jury will be qualified as to relationship with the following:

- Judith Fielder
- William Fielder
- Harris Lowry Manton LLP
- Jeffrey R. Harris, Esq.
- Stephen G. Lowry, Esq.
- Jed D. Manton, Esq.
- Madeline E. McNeeley, Esq.
- Buzzell, Welsh & Hill, LLP
- Stephen M. Welsh, Esq.
- Jed W. Hill, Esq.
- Chad Etheridge, Esq.
- Josh Carroll, Esq.
- Steven R. McNeel, Esq.
- Michael Turner
- Latium USA Trading, LLC, its shareholders, stockholders, members, officers, agents, or employees, or those of its parent companies, holding companies, members, subsidiaries, or affiliates
- United States Fire Insurance Company, its shareholders, stockholders, officers, agents, or employees, or those of its parent companies, holding companies, subsidiaries, or affiliates.  If a mutual company, add its policyholders.
- The North River Insurance Company, its shareholders, stockholders, officers, agents, or employees, or those of its parent companies, holding companies, subsidiaries, or affiliates. If a mutual company, add its policyholders.
- Markel American Insurance Company, its shareholders, stockholders, officers, agents, or employees, or those of its parent companies, holding companies, subsidiaries, or affiliates.  If a mutual company, add its policyholders.

(6) All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery except for good cause shown. The parties, however, shall be permitted by agreement to take the depositions of any person(s) for the preservation of evidence or for use at trial.

The parties are cooperating to schedule Defendants' deposition of expert Rick Sizemore. The parties are scheduling the for-use depositions of Judith Fielder's treating physicians. The parties have also agreed for Defendants to depose Hunter Willis, with the Fielders' and Mr. Willis's counsel participating. The Fielders reserve the right to depose Defendants regarding the late production of certain materials, as set forth in the Court's prior order. (Order dated Dec. 20, 2022, at 13 n.10) ("The Court offered Plaintiffs' counsel the opportunity to [take depositions based on late-disclosed documents] even though discovery closed. Counsel asked the Court for time to consider that option. The Court will allow Plaintiffs' counsel the opportunity to depose witnesses relevant to the new documents before February 1, 2023.") The parties may also schedule one or more depositions to authenticate medical and billing records.

(7) Unless otherwise noted, the names of the parties as shown in the caption to this order are correct and complete, and there is no question by any party as to the misjoinder or nonjoinder of any party.

(8) The following is the plaintiff's brief and succinct outline of the case and contentions:

This case involves a wreck that occurred on US-129 in Putnam County, Georgia, on November 4, 2020. Plaintiff Judith Fielder was driving northbound on US-129 entering Putnam County from Jones County. Mr. Hunter Willis was traveling in front of Mrs. Fielder. Defendant Michael Turner was driving a box truck southbound on US-129, in the direction of Mr. Willis

and Mrs. Fielder.  The box truck was owned by Defendant Latium USA Trading LLC ("Latium"), and Mr. Turner was driving in the course and scope of his employment with Latium. More than one vehicle, including a farm tractor, was driving in front of Mr. Turner.  The two lanes of US-129 were separated by a double yellow line, and the road curved to the right for drivers in the southbound lane, reducing the sight distance in what one eyewitness called "a blind curve."  Despite the double yellow line and the reduced ability to see oncoming traffic, Mr. Turner suddenly entered the northbound lane in an attempt to pass the vehicles in front of him, including the farm tractor.  In their efforts to avoid colliding with Mr. Turner, both Mr. Willis and Mrs. Fielder slowed quickly and move as far east as possible within their lane.  Mr. Turner made it back into the southbound lane, but Mrs. Fielder was unable to avoid colliding with the rear of Mr. Willis's vehicle, and ultimately her vehicle came to rest down an embankment.

 Mr. Turner fled the scene and did not stop to assist.  As he fled, eyewitness Michael Ryan pursued Turner while calling 911.  Mr. Turner continued driving south into Jones County until a City of Gray police officer stopped him approximately 14 miles from the scene of the wreck. Mr. Turner admits that when he passed the tractor, he was smoking a Black & Mild cigar, wearing an over-the-ear headset, and engaged in a personal phone call.  Law enforcement cited Mr. Turner for violating O.C.G.A. § 40-6-46 (illegal passing), stating, "Box truck passed in double lines headed south causing an accident with northbound cars," and checking the "Yes" boxes for "ACCIDENT" and "INJURIES."  Ten months after a bench warrant was issued for his failure to appear for his ticket, an attorney hired by Latium entered an appearance for Mr. Turner in the traffic court.  Mr. Turner pleaded guilty on January 5, 2022.

 The Defendants have spoliated Mr. Turner's electronic logging device (ELD), hours-of-service records, drug and alcohol test taken November 5, 2020, and trip documents including but

not limited to itinerary, manifests, and expense reports, as to which the Court has previously entered an order. Defendants failed to have appropriate policies and procedures in place to address safe operation of commercial motor vehicles, created trip itineraries and delivery manifests for its drivers that could not be completed safely or in compliance with federal hours-of-service regulations and required its drivers to adhere to these unsafe routes, and otherwise were negligent in their hiring, training, supervision, and retention of Mr. Turner.

Mrs. Fielder, who was 81 years old at the time, was grievously injured in the wreck. She was transported to The Medical Center Navicent Health, where she was hospitalized or in long-term rehab facilities for 43 days. She suffered shattered ribs, bilateral lung contusions, a manubrium fracture, a sternal fracture, right hemothorax, a right patella fracture, compression fracture of the L1 vertebra, left distal radial and ulnar fractures, a pulmonary embolism, and other injuries. She underwent multiple surgeries, including rib plating, sternal fixation, thoracoscopic surgery with evacuation of hemothorax, chest tube placement, paravertebral block with pain pump, open reduction internal fixation of the wrist fractures, and vertebral kyphoplasty. As a result of her extensive injuries and reduced mobility, she experienced a fall in which she suffered a three-part fracture of the humerus with displacement. The effects of her injuries and this wreck impair all aspects of her life.

Plaintiff William Fielder was not in the vehicle and his claim is for loss of consortium.

Plaintiffs seek compensatory damages, punitive damages, and damages under O.C.G.A. § 13-6-11.

(9) The following is the Defendants' brief and succinct outline of the case and contentions:

On November 4, 2020, Michael Turner was traveling southbound on Georgia Highway 44. As Mr. Turner was passing a farm tractor, Judith Fielder collided with a vehicle operated by Hunter Willis. Plaintiffs contend that Mr. Turner improperly passed the farm tractor and caused the collision between Ms. Fielder and Mr. Willis' vehicles and sustained injuries. Plaintiffs contend that they are entitled to damages based on negligence causes of action including medical expenses, punitive damages under O.C.G.A. § 51-12-5.1, expenses of litigation under O.C.G.A. § 13-6-11 and loss of consortium for William Fielder. Defendants deny Plaintiff's claims and further contend that Plaintiff Judith Fielder is at least partially at fault under Georgia's comparative fault/apportionment statute. O.C.G.A. § 51-12-33

(10)   The issues for determination by the jury are as follows:

**Plaintiffs:**

Negligence as to Turner/Latium (as employer)
Negligence per se as to Turner/Latium (see ¶ 11 below for statutory and regulatory bases)
Negligent hiring, training, supervision, and/or retention of Turner by Latium
Compensatory damages for any injuries caused by negligence
Liability and amount of punitive damages as to Turner and Latium
Whether Turner and/or Latium acted, or failed to act, with the specific intent to cause harm, or acted or failed to act while under the influence of alcohol, drugs other than lawfully prescribed drugs administered in accordance with prescription, or any intentionally consumed glue, aerosol, or other toxic vapor to that degree that his/its judgment is substantially impaired
Liability and amount of attorneys' fees and expenses under O.C.G.A. § 13-6-11 (bad faith, stubborn litigiousness, or causing unnecessary trouble and expense)
Existence of liability coverage, to the extent not stipulated, as to direct action against US Fire
Liability of US Fire

**Defendants:**

(a)   Negligence
(b)   Proximate Causation
(c)   Damages
(d)   Comparative Fault/Apportionment
(e)   Whether and to what extent Plaintiff can recover punitive damages.
(f)   Whether and to what extent Plaintiff can recover litigation expenses.

7

(g)   Mitigation of Damages.

Defendants further object to any claim for damages and/or any other claim that has not been properly pled in Plaintiff's Complaint and/or which has been disposed of by Court order.

(11)   Specifications of negligence, including applicable code sections, are as follows:

**Plaintiffs:**

General negligence principles as well as O.C.G.A. §§ 51-1-1, 51-1-2, 51-1-6, & 51-1-8

Negligence per se by breach of one or more of the following statutes and regulations: O.C.G.A. §§ 40-6-46, 40-6-44, 40-6-40, 40-6-270, 40-6-250, 40-6-241, 40-6-93, 40-6-390, and/or 40-6-391, and/or 49 C.F.R. §§ 392.2, 392.3, 392.4, and/or 392.5.

Punitive damages, O.C.G.A. § 51-12-5.1(b) (c) and (f)

Attorneys' fees and expenses of litigation, O.C.G.A. § 13-6-11

Direct liability of insurer, O.C.G.A. §§ 40-1-112 and/or 40-2-140

**Defendants:**

O.C.G.A. § 51-1-2:  Simple Negligence

O.C.G.A. § 51-1-6:  Breach of Duty

O.C.G.A. § 51-1-13:  Physical Injury

O.C.G.A. § 51-2-4:  Torts Committed by Employee

O.C.G.A. § 51-11-3:  Extenuation and Mitigation of Damages

O.C.G.A. § 51-11-7:  Diligence of Plaintiff

O.C.G.A. § 51-12-2:  General Damages and Special Damages Defined

O.C.G.A. § 51-12-4:  Nominal Damages

O.C.G.A. § 51-12-5.1:  Punitive Damages

O.C.G.A. § 51-12-7:  Necessary Expenses

       O.C.G.A. § 51-12-8:  Damages too Remote

       O.C.G.A. § 51-12-11:  Plaintiff Bound to Lessen Damages

       O.C.G.A. § 51-12-12:  Discretion of Jury as to Damages

       O.C.G.A. § 51-12-13:  Determination of Present Value of Future Expenses

       O.C.G.A. § 51-12-33:  Apportionment of Damages

(12)    This case is not based on a contract.

(13)    The types of damages and the applicable measure of those damages are stated as follows:

**(a)    Plaintiff:**

Judith Fielder's medical expenses as shown to exceed $450,000.00

Judith Fielder's non-economic damages including past and future pain and suffering as determined by the jury

William Fielder's loss of consortium as determined by the jury

Punitive damages as determined by the jury

Attorneys' fees equal to 40% of the judgment and expenses of litigation under O.C.G.A. § 13-6-11

**(b)    Defendants:**

Medical Expenses: The amount of reasonable medical expenses incurred for treatment of injuries sustained in Ms. Fielder's 11/4/2020 motor vehicle collision at issue in the Complaint(s) as reflected by the evidence.

Pain and Suffering: As determined by the enlightened conscience of the jury.

Litigation expenses under O.C.G.A. § 13-6-11: Reasonable litigation expenses as determined by the jury.

> Punitive Damages under O.C.G.A. § 51-12-5.1: Determined by the jury in second part of bifurcated trial on this issue.
>
> Defendants object to the introduction of any evidence of damages not specifically pled in Plaintiffs' Complaint(s) and provided to Defendants during discovery and/or which are not supported by the evidence or by Georgia law.  Defendants object to Plaintiff's portion of Paragraph 13 of this pretrial order to the extent that their claimed damages are not itemized with specificity as to the amounts claimed. Plaintiffs' Complaint(s) should be dismissed in that they have not properly pled their special damages with specificity as required by Fed.R.Civ.P. 9(g).
>
> Defendants further object to the submission of medical expenses in excess of $440,061.16 to the extent same have not been properly and timely provided to Counsel for Defendants.

(14)    All material undisputed facts established by the pleadings, depositions, or admissions of the parties will be submitted to the Court via email by February 6, 2023 at 12:00 p.m., and will be submitted to the jury at the beginning of trial.

(15)    Pursuant to the court's usual practice, pleadings will not be submitted to the jury.

(16)    Special authorities relied upon by plaintiff relating to peculiar legal questions are as follows: At this time, Plaintiffs do not anticipate any peculiar evidentiary or legal questions other than those that may arise in the parties' Motions in Limine.  Plaintiffs reserve the right to file trial briefs to address any particular legal issues that may arise during trial.

(17)    Special authorities relied upon by defendant relating to peculiar legal questions are as follows:

10

Defendants do not stipulate and/or admit to the admissibility of evidence that is not properly authenticated by records custodian witness testimony or by proper certificate as provided by Fed.R.Evid. 902 and fit within a hearsay exception as provided by Fed.R.Evid. 803.

Fed.R.Civ.P. 9(g) requires that items of special damages be specifically pled by the Plaintiff. In that Plaintiff has not properly amended her Complaint to specifically and accurately state their special damages as required by Fed.R.Civ.P. 9(g), Defendants seek dismissal of her Complaint. Additional special authorities may also be enclosed as part of Defendants' Motion(s) in Limine, Requests to Charge and/or trial brief(s).

(18)   The following are lists of witnesses the:

(a) Plaintiff will have present at trial: Judith Fielder and William Fielder. Plaintiffs do have health issues but plan to appear for a portion of trial. Plaintiffs will not be attending every day or for every aspect of trial.

(b) Plaintiff may have present at trial: Addendum emailed to Court. Plaintiffs object to Defendants calling any witnesses who were not disclosed during discovery, in particular Latasha Williams, William Hatfield, and Theresa Mitchell.

(c) Defendants will have present at trial: None at this time.

(d) Defendants may have present at trial:

Michael Turner c/o Quintairos, Prieto, Wood & Boyer, PA, 365 Northridge Road, Suite 230, Atlanta, Georgia 30350,

Brian Fabian c/o Quintairos, Prieto, Wood & Boyer, PA, 365 Northridge Road, Suite 230, Atlanta, Georgia 30350,

Tony Hairston c/o Quintairos, Prieto, Wood & Boyer, PA, 365 Northridge Road, Suite 230, Atlanta, Georgia 30350,

Hunter Willis, 263 Blounts Chapel Road, Haddock, Georgia 31033,

Deputy Carlo Miller, Putnam County Sheriff's Department, 111 Ridley Drive, Eatonton, Georgia 31024,

Trooper Michael Albrycht, Georgia State Patrol Post 12, 959 United Avenue S.E., Atlanta, Georgia 30316

Officer Hathaway, City of Gray Police Department, 151 James Street, Gray, Georgia 31032

Mary Bell Vaughn, MD, Vineville Internal Medicine, 3448 Vineville Avenue, Macon, Georgia 31204

D. Benjamin Christie, M.D., Atrium Health Navicent, 777 Hemlock Street, Macon, Georgia 31201,

Jarrod E. Dumpe, M.D., Atrium Health Navicent, 777 Hemlock Street, Macon, Georgia 31201,

Latasha Williams (Rebuttal Witness) c/o American Family Care American Family Care, 3700 Cahaba Beach Road, Birmingham, Alabama 35242

William Hatfield (Rebuttal Witness) c/o American Family Care, 3700 Cahaba Beach Road, Birmingham, Alabama 35242

Theresa Mitchell (Rebuttal Witness) c/o American Family Care, 3700 Cahaba Beach Road, Birmingham, Alabama 35242

Any witness necessary for purposes of authentication of documents or other evidence or exhibits.

Any of Plaintiffs' will or may call witnesses as listed herein.

Defendants object to Plaintiffs calling any witness to testify at trial who was not specifically listed in the pretrial order and/or who were not properly and timely identified in response to Defendants' interrogatories and/or Fed.R.Civ.P. 26 Disclosures. Defendants further object to any witness not specifically identified by the Plaintiff by name except for those being called solely for the purposes of authenticating evidence.

(19) The following depositions and hearing testimony may be used at trial:

(a) By the Plaintiff:

- Larry Berryhill deposition
- Brian Fabian personal-capacity deposition
- Brian Fabian testimony at Dec. 13, 2022 hearing
- Brian Fabian Fed. R. Civ. P. 30(b)(6) deposition
- Judith Fielder deposition
- William Fielder deposition
- Anthony Hairston deposition
- Anthony Hairston testimony at Dec. 13, 2022 hearing
- Michael Ryan deposition
- Michael Turner deposition
- Any additional depositions taken prior to trial.

Plaintiffs have requested the presence of Brian Fabian/a corporate representative of Defendant Latium USA Trading LLC, Defendant Michael Turner, and Anthony Hairston to be available at trial to be called live during Plaintiffs' case in chief. Counsel for Defendants has agreed to work in good faith to arrange for them to appear, but he is unable to make any guarantees at this time. The parties are working in good faith on this issue. In the event Mr.

Hairston, Mr. Fabian, and/or Defendant Turner are unable to appear, the parties will report that fact to the Court no later than two weeks prior to trial and will either use their previously taken depositions or will schedule for-use depositions.

Additionally, Plaintiffs attached deposition designations via email to the Court. Mr. Turner's and Latium's depositions are designated pursuant to Fed. R. Civ. P. 32(a)(1), permitting use of adverse party depositions for any purpose. Mr. Ryan's and Mr. Berryhill's depositions are designated pursuant to Fed. R. Civ. P. 32(a)(4) regarding unavailable witnesses, as Mr. Berryhill is a Latium employee with minimal involvement who resides out of state and Mr. Ryan, an eyewitness, frequently travels internationally for work as testified to in his deposition.

(b) By the Defendant:

Depositions of witnesses listed under Item Eighteen (18) and/or other section of the pre-trial order(s) submitted in this action who are unavailable for personal appearance at trial only as provided by Fed.R.Civ.P. 32. Defendants object to use of depositions of witnesses absent proof of unavailability or other exception under Federal Rules of Civil Procedure or Federal Rules of Evidence.

(20)   The parties' proposed voir dire questions, jury charges, and verdict form were emailed to the Court.

(21)   The possibilities of settling the case are:

**Plaintiffs:** Unlikely based on the extent of disagreement during mediation.

**Defendants:** Fair.

(22)   A jury of 6-12 persons will be seated as set forth in the Federal Rules of Civil Procedure.

(23) Other matters: The parties believe the trial will need to be bifurcated, with all liability issues and the amounts of economic and noneconomic damages determined in Phase I. If the jury finds Defendant(s) liable for punitive damages and/or for attorney fees and expenses of litigation in Phase I, the amounts of those damages will be determined in Phase II.

Submitted by:

| | |
|---|---|
| **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.** | **HARRIS LOWRY MANTON LLP** |
| /s/ Craig R. White | /s/ Jed D. Manton |
| CRAIG R. WHITE | JED D. MANTON |
| Georgia Bar No. 753030 | Georgia Bar No. 868587 |
| | jed@hlmlawfirm.com |
| 365 Northridge Road, Suite 230 | JEFFREY R. HARRIS |
| Atlanta, GA 30350 | Georgia Bar No. 330315 |
| (770) 650-8737 | jeff@hlmlawfirm.com |
| (770) 650-8797 (fax) | MADELINE E. McNEELEY |
| craig.white@qpwblaw.com | Georgia Bar No. 460652 |
| | molly@hlmlawfirm.com |
| *Attorney for Defendants* | 1418 Dresden Dr. NE, Unit 250 |
| | Brookhaven, GA 30319 |
| | (404) 961-7650 |
| | (404) 961-7651 (fax) |
| | **BUZZELL, WELSH & HILL, LLP** |
| | /s/ Steven R. McNeel |
| | STEVEN R. McNEEL |
| | Georgia Bar No. 306641 |
| | smcneel@bwhlegal.com |
| | 200 Third St. |
| | P.O. Box 1017 |
| | Macon, GA 31202-1017 |
| | (478) 742-8820 |
| | (478) 742-3088 (fax) |
| | *Attorneys for Plaintiffs* |

It is hereby ORDERED that the foregoing, including the attachments thereto, constitute the pretrial order in the above case and supersedes the pleadings which may not be further amended except by order of the court to prevent manifest injustice.

This 24th day of January, 2023.

S/ Tilman E. Self, III  
TILMAN E. SELF, III, JUDGE  
UNITED STATES DISTRICT COURT