**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JUDITH FIELDER,** *et al.,*<br><br>        *Plaintiffs,*<br><br>**v.**<br><br>**LATIUM USA TRADING, LLC,** *et al.,*<br><br>        *Defendants.* | **CIVIL ACTION NO.<br>5:21-cv-00432-TES** |

**CHARGE OF THE COURT**

### Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### Responsibility for Proof – Plaintiffs' Claims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

1

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make

2

deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Stipulated Facts

As previously mentioned, the Plaintiffs and the Defendants have stipulated that certain facts listed on the sheet of paper I passed out to you at the beginning of the trial are undisputed. Therefore, you must treat those facts as true.

## Admissions by Defendants

Likewise, I also provided you with a list of facts that the Defendants admitted. Again, you must treat those admissions as true and in no further need of proof.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The

significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### Torts Introduction

The case before you is one in which the plaintiff must prove by a preponderance of the evidence that the negligence of the defendant, if any, was a proximate cause of the injuries to the plaintiff. In this particular case, all parties agree that Ms. Fielder suffered injuries, and thus damages, as a result of the accident involving Mr. Turner. And, while it is true that the Defendants have admitted they are responsible for a portion of the reasonable damages that Ms. Fielder incurred, the Defendants do not agree that they are solely responsible or that all of Ms. Fielder's claimed damages are reasonable. These are questions you must decide – what damages did Ms. Fielder suffer and what is that reasonable amount? After you decide the total amount of her damages, you will then need to decide each party's respective percentage of fault for the damages, if any at all.

I will now give you specific instructions about damages and the apportionment of fault.

### Torts; Ordinary Negligence (Ordinary Diligence)

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

### Torts; Negligence; One Act Sufficient

The plaintiff must prove that the defendant was negligent in one or more ways alleged in order to recover. It is not necessary for the plaintiff to prove that the defendant was negligent in every way that the plaintiff claims. If you find no negligence at all on the part of the defendant, then the plaintiff's case against the defendant ends.

### Torts; Emergency

One who is confronted with a sudden emergency that was not created by one's own fault and is without sufficient time to determine accurately and with certainty the best thing to be done is not held to the same accuracy of judgment as would be required of that person if he/she had more time for deliberation. The requirement is that the person act with ordinary care under all particular facts and circumstances surrounding the situation.

### Negligence Amplified; Employee

Every employer shall be liable for the wrongful conduct or torts committed by an employee by direction or in the prosecution and within the scope of the person's business, whether the same are committed by negligence or voluntarily.

### Torts; Negligence Per Se

The plaintiff contends that the defendant violated certain laws or ordinances. Such a violation is called negligence per se, which means negligence as a matter of law. It is your duty to decide whether such violation took place or not.

The Plaintiff claims that Mr. Turner (and thus, Latium USA Trading) violated the following statutes or regulations:

### O.C.G.A. § 40-6-46 - No-Passing Zones

No-passing zones shall be clearly marked by a solid barrier line placed on the right-hand element of a combination stripe or by a solid double yellow line.

Where signs or markings are in place to define a no-passing zone, it is a violation of the law for a person to drive on the left side of the roadway within such no-passing zone or on the left side of any pavement striping designed to mark such no-passing zone throughout its length.

### O.C.G.A. § 40-6-44 - Passing on the Left

It is a violation of the law for any person to drive to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same

direction unless such left side is clearly visible and is free of oncoming traffic for a

sufficient distance ahead to permit such overtaking and passing to be completely made

without interfering with the operation of any vehicle approaching from the opposite

direction or any vehicle overtaken. In the event the passing movement involves the use

of a lane authorized for vehicles approaching from the opposite direction, the driver

shall return to an authorized lane of travel before coming within 200 feet of any

approaching vehicle.

### O.C.G.A § 40-6-40 - Yielding to Vehicles Traveling in the Proper Direction

It is a violation of the law for a vehicle to drive upon the left half of the roadway,

except:

(1) When overtaking and passing another vehicle proceeding in the same direction

   under the rules governing such movement; or

(2) When an obstruction exists making it necessary to do so, provided that the driver

   shall yield the right of way to all vehicles traveling in the proper direction upon

   the unobstructed portion of the highway within such a distance as to constitute

   an immediate hazard.

### O.C.G.A. § 40-6-270 - Duty in Accidents Involving Personal Injury to Person or Damage to Vehicle

The driver of any vehicle involved in an accident resulting in injury to any

person or in damage to a vehicle which is driven or attended by any person shall

immediately stop at the scene of the accident or shall stop as close thereto as possible

8

and return to the scene of the accident.  The driver shall:

(1) Give his name and address and the registration number of the vehicle he is driving;

(2) Upon request, exhibit his operator's license to the person struck or the driver or occupant of or person attending any vehicle collided with;

(3) Render reasonable assistance to any person injured in such accident; and

(4) Where a person injured in such accident is unconscious or is otherwise unable to communicate, make every reasonable effort to ensure that emergency medical services and local law enforcement are contacted.

It is a violation of the law for the driver not to remain at the scene of the accident until fulfilling these requirements.

### O.C.G.A. § 40-6-250 - Wearing Headsets or Headphones

It is a violation of the law for a person to operate a motor vehicle while wearing a headset or headphone which would impair his ability to hear.

### O.C.G.A. § 40-6-241 - Failure to Exercise Due Care

A driver shall exercise due care in operating a motor vehicle and shall not engage in any actions which shall distract him from the safe operation of the vehicle.

### O.C.G.A. § 40-6-390 - Reckless Driving

It is a violation of the law for a person to drive a vehicle in reckless disregard for the safety of persons or property.

### 49 C.F.R. § 392.2 - Operating a Commercial Motor Vehicle in Accordance with Georgia Law

Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

### 49 C.F.R. § 392.3 - Driving While Fatigued

It is a violation of the Federal Motor Carrier Safety Act regulations for a driver to operate a commercial motor vehicle, and for a motor carrier to require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle.

### 49 C.F.R. § 395.3(a) - Hours of Service

It is a violation of the Federal Motor Carrier Safety Act regulations for a driver of a property-carrying commercial motor vehicle to do any of the following:

- To drive without first taking 10 consecutive hours off-duty;

- To be on-duty for more than 14 consecutive hours;

- To drive for more than 11 total hours during each on-duty shift; or

- To drive for more than 8 consecutive hours without taking a 30-minute rest break.

The Defendants argue that Ms. Fielder violated the following statutes:

### O.C.G.A. § 40-6-180 - Motor Vehicles; Speed and Control; Generally

No person shall drive a vehicle at a speed greater than is reasonable and careful under the conditions and having regard for the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and going around a curve or when traveling upon any narrow or winding roadway.

### O.C.G.A. § 40-6-180 - Following Too Closely

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

### Torts; Proximate Cause; Definition

In this case, Ms. Fielder may only recover the damages that Defendants proximately caused.

Proximate cause means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

When I use the expression "proximate cause," I mean a cause that, in the natural

11

or ordinary course of events, produced the plaintiff's injury. It need not be the only

cause, nor the last or nearest cause. It is sufficient if it combines with another cause

resulting in the injury.

### Torts; Proximate Cause; Foreseeability; Natural and Probable Consequence; Intervening Cause Rules

A defendant may be held liable for an injury when that person commits a

negligent act that puts other forces in motion or operation resulting in the injury when

such other forces are the natural and probable result of the act that the defendant

committed and that reasonably should have been foreseen by the defendant. When the

injuries could not reasonably have been foreseen as the natural, reasonable, and

probable result of the original negligent act, then there can be no recovery. If the chain

reaction that resulted from the defendant's alleged negligence, if any, meets the above

tests, then the plaintiff may recover.

### Direct Action Against Insurer

An insurer of a motor carrier stands in the shoes of the motor carrier and is liable

in any instance of negligence where the motor carrier is liable.  A "motor carrier" is any

entity that operates or controls motor vehicles used on a highway in interstate

commerce to transport property when the vehicle has a gross vehicle weight rating or

gross combination weight rating, or gross vehicle weight or gross combination weight,

of 10,001 pounds or more, whichever is greater.

## Eggshell Plaintiff

Defendants take a plaintiff in whatever condition they find her.  A negligent actor or actors must bear the risk that their liability will be increased by reason of the actual physical condition of the other toward whom their act is negligent.

## Collateral Sources Not to Be Considered

If you determine that the Plaintiff is entitled to recover damages, you should not speculate about whether she has been compensated in whole or in part by any other source for any of the damages you find. It would not be proper for you to reduce any damages you find based upon speculation about other sources of payment that may or may not exist.

The law does not allow a wrongdoer to take advantage of payments made by any other source. You should give no consideration whatsoever to any such things. You must decide the case based on the evidence presented to you during this trial.

## Tort Damages; Preliminary Instructions

Damages are given as pay or compensation for injury done.

When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

**Tort Damages; Pain and Suffering; Preexisting Injury; Aggravation**

No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case. There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

If you should find that, at the time of the incident, the plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant and that the injury resulted in any aggravation of a condition already pending, then the plaintiff could recover damages for aggravation of the preexisting condition.

**Tort Damages; Life Expectancy; Generally**

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

**Tort Damages; Life Expectancy; Mortality Tables**

There is another way in which you may determine the life expectancy of the plaintiff. There has been introduced into evidence a copy of the 1949 mortality tables. If you desire to determine from this table the life expectancy of a person, look up that

person's age in one column, and across from the age column, you will find the life

expectancy of a person of that age. Life expectancy shown on any such table is merely a

guide that you may follow while considering the evidence as a whole.

### Tort Damages; Expenses; Generally; Medical Expenses

In all cases, necessary expenses resulting from the injury are a legitimate item of

damages.

As to medical expenses, such as hospital, doctor, and medicine bills, the amount

of the damage would be the reasonable value of such expense as was reasonably

necessary.

### Future Medical Expenses

Future medical expenses also are a legitimate item of damages.  You should

award future medical expenses if shown by a preponderance of the evidence.  In order

to recover for future medical expenses, a plaintiff need not submit evidence as to the

exact future treatment that is necessary, but instead, may submit evidence as to the

ongoing nature of the injury and the likelihood that future treatment will be necessary.

### Tort Damages; Pain and Suffering; Generally; Mental; Future

**(a) Generally**

Pain and suffering is a legal item of damages. The measure is the enlightened

conscience of fair and impartial jurors. Questions of whether, how much, and how long

the plaintiff has suffered or will suffer are for you to decide.

**(b) Mental**

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

### Tort Damages; Pain and Suffering; Future

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

### Torts; Avoidance of Consequences

The defendants are not relieved even though the plaintiff may have contributed to the injury sustained through ordinary negligence or negligence per se. Please refer to my earlier definitions of these terms as necessary.

### Tort Damages; Apportionment of Damages

As I told you, you must determine the amount and type of Ms. Fielder's

damages. Do *not* make any reduction in the amount of damages because of the negligence, if any, of the plaintiff.

You must also decide the percentage of fault, if any, of all parties whose negligence contributed to the alleged injury or damages. For any person or entity you find did not contribute to the alleged injury or damages, enter 0%. The total of the fault assessed must equal 100%. When it comes to apportionment of fault, the law requires the Defendants to prove the respective fault of each party by a preponderance of the evidence and I will refer you to my earlier definition of "preponderance of the evidence."

The court will enter a judgment based on your verdict and, if you find that the plaintiff was negligent in any degree, the court will reduce the total amount of damages awarded by the percentage of negligence which you attribute to the plaintiff, if any. If you find that the negligence of the plaintiff is equal to or greater than the negligence of the defendant(s), then the plaintiff is not entitled to recover damages.

### Consortium

A married person has a right to recover for the loss of consortium, sometimes called loss of services, of the spouse. You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from marriage. There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as

determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

## Expenses of Litigation

The plaintiffs have asserted a claim for an award of their attorneys' fees and expenses of litigation. You may award their fees and expenses only if you find Mr. Turner has acted in bad faith.

Bad faith refers to actions arising out of the transaction or during the course of dealings with the plaintiff prior to the litigation. But, bad faith cannot be prompted by an honest mistake as to one's rights or duties, but must result from some interested or sinister motive. Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will.

In your verdict, you should specify whether you do or do not decide to award the plaintiffs their attorneys' fees and expenses of litigation.

## Punitive Liability

In tort actions, there may be aggravating circumstances that may warrant the awarding or imposing of additional damages called punitive damages.

Before you may award punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to

consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

### Clear and Convincing Evidence

As to the issue of whether to award punitive damages, the plaintiff must prove to a reasonable certainty by clear, convincing, and decisive evidence that the plaintiff is entitled to relief. This is a different and higher burden of proof than a mere preponderance of the evidence.

Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence but less than beyond a reasonable doubt.

### Punitive Liability, continued

If the plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award of punitive damages.

Punitive damages, when authorized, are awarded not as compensation to a

plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide that the plaintiff should receive punitive damages.

### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**SO CHARGED**, this 2nd day of March, 2023.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT